IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned August 23, 2013

## AUBREY OWENS & THE ESTATE OF LOUIS GERNT v. ALEETA TIPTON EVANS, TIMOTHY L. GOAD ET AL.

**Appeal from the Chancery Court for Fentress County**
**No. 9839     Jon Kerry Blackwood, Judge**

_____

**No. M2013-00239-COA-R3-CV - Filed August 28, 2013**

_____

This is an appeal from a judgment entered against one of four defendants. Because the judgment appealed does not resolve all the claims between all the parties, we dismiss the appeal for lack of a final judgment.

**Tenn R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S.; ANDY D. BENNETT AND RICHARD H. DINKINS, JJ.

Onie Lee Winebarger, Byrdstown, Tennessee, for the appellant, Aleeta Tipton Evans.

Thomas E. Looney, Crossville, Tennessee, for the appellee, Estate of Lois Gernt.

### MEMORANDUM OPINION[1]

This appeal arises out of a Complaint for Injunction, Attachment and Damages filed in the Chancery Court for Fentress County in May of 1998. The amended complaint, filed in November of 1999, named four defendants, Aleta Tipton Evans, Timothy L. Goad, Pete

_____

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Taylor, and Bill Cook. The claims against two of the defendants, Mr. Goad and Mr. Taylor, were subsequently settled and dismissed. On January 6, 2012, the trial court entered a judgment against Ms. Evans. The trial court subsequently denied Ms. Evans's Motion to Alter or Amend, to Make Additional Findings of Fact, or for a New Trial, and Ms. Evans filed a timely notice of appeal.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. Oct. 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a).

The record on appeal was filed on May 13, 2013. Upon review of the record, this court determined that the judgment appealed was not final because the trial court had not disposed of the plaintiffs' claims against Mr. Cook. Accordingly, the court ordered the parties either to obtain a final order from the trial court within sixty (60) days or else to show cause why the appeal should not be dismissed. Although more than sixty days have now passed, the parties have neither obtained a final judgment nor otherwise responded to the show cause order.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Aleeta Tipton Evans and her surety for which execution may issue.


PER CURIAM